# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

OMAR HERNANDEZ,

    *Petitioner*,

vs.

DWIGHT NEVENS, *et al.,*

    *Respondents*.

2:11-cv-01859-JCM-CWH

ORDER

    Petitioner has submitted an application (#1) to proceed *in forma pauperis* and a motion (#2) for appointment of counsel. The clerk docketed additional papers as a habeas petition attached with the pauper application. However, upon full review, it appears that the additional papers instead constitute points and authorities submitted in support of the motion for appointment of counsel.

    At the outset, the court notes that petitioner previously filed an incomplete pauper application and a motion for appointment of counsel without also submitting a petition or complaint in *Hernandez v. State of Nevada*, No. 2:08-cv-00961-RCJ-GWF. The court dismissed that action without prejudice because of the incomplete pauper application. The court further plainly advised petitioner: "The Court does not appoint counsel to prepare an original petition or complaint." No. 2:08-cv-00961, #4, at 1. Petitioner was provided, *inter alia*, forms for a pauper application and habeas petition along with the instructions for both forms.

    Petitioner has done essentially the same thing in this case. He has filed an incomplete pauper application and a motion for appointment of counsel with no pleading. The same result will follow. The court already advised petitioner – over three years ago – that it would

not appoint counsel to prepare an original petition. He should not expect that he can do the same thing that he did in the 2008 case and get a different result.

In the present case, the matter has not been properly commenced because the pauper application does not include all required attachments. Under 28 U.S.C. § 1915(a)(2) and Local Rule LSR1-2, a petitioner must attach both an inmate account statement for the past six months and a properly executed financial certificate. Petitioner attached neither. The application therefore is incomplete.

Petitioner further must file a petition to properly commence a habeas action.

The application therefore will be denied, and the present improperly-commenced action will be dismissed without prejudice to the filing of a petition in a new action with a pauper application on the proper form with all required attachments.

It does not appear from the papers presented that a dismissal without prejudice will materially affect a later analysis of any issue as to timeliness, exhaustion and/or procedural default with regard to a promptly filed new action.[1]

The motion for counsel will be denied. As the court stated to petitioner over three years ago, it will not appoint counsel to prepare an original petition, absent extraordinary

---

[1] The papers on file and the online docket records of the state courts reflect the following.

Petitioner was convicted, pursuant to an *Alford* plea, of three counts of robbery with the use of a deadly weapon. The judgment of conviction was filed on July 1, 2002. Petitioner did not appeal.

Over six years later, on August 9, 2008, petitioner filed a state post-conviction petition. Following appointment of state post-conviction counsel, the state district court dismissed the petition as, *inter alia*, untimely. The state supreme court affirmed on December 10, 2010, rejecting petitioner's arguments seeking to establish cause for the untimely state court filing.

Petitioner thereafter filed a second state post-conviction petition *pro se* on June 16, 2011. The state district court once again dismissed, again on the basis of untimeliness. Notice of the state district court decision was given on September 22, 2011. No appeal was taken.

From the foregoing it would appear that, absent tolling, the federal limitation period long since has expired. From the foregoing procedural history, it thus does not appear that a dismissal of the present matter without prejudice will materially affect an analysis of any timeliness, exhaustion or procedural default issue as to a promptly filed later petition. Indeed, petitioner – as yet – has not yet filed a federal petition. Petitioner at all times remains responsible for properly exhausting his claims, for calculating the running of the federal limitation period as applied to his case, and for properly commencing a timely-filed federal habeas action.

circumstances not presented here. The procedural history canvassed in footnote 1, *supra*, reflects that petitioner has filed two state post-conviction petitions. Federal habeas petitions typically are filed and pursued by inmates proceeding *pro se*, and there is no Sixth Amendment right to counsel in a federal habeas proceeding. While petitioner asserts that his English skills are limited, petitioner has been able to file papers in English prepared either by himself or with translation assistance by other inmates. Finally, the Constitution does not inexorably require that inmates have direct physical access to a prison law library to prepare and file a petition. The provision of forms along with instructions potentially may suffice, and a paging system at a prison law library provides access to more than only forms. Petitioner must use the court's required petition form and must actually file a habeas petition in a new action before the court will give further consideration to possible appointment of counsel.

IT THEREFORE IS ORDERED that the application (#1) to proceed *in forma pauperis* is DENIED and that this action shall be DISMISSED without prejudice to the filing of a new petition in a new action with a properly completed pauper application.

IT FURTHER IS ORDERED that a certificate of appealability is DENIED, as jurists of reason would not find the dismissal of this improperly-commenced action without prejudice to be debatable or incorrect.

IT FURTHER IS ORDERED that the clerk shall send petitioner two copies each of an application form to proceed *in forma pauperis* for incarcerated persons and a noncapital Section 2254 habeas petition form, one copy of the instructions for each form, and a copy of the papers that he submitted in this action.

The clerk of court shall enter final judgment accordingly in favor of respondents and against petitioner, dismissing this action without prejudice.

DATED: November 21, 2011.

_____
JAMES C. MAHAN
United States District Judge